IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DANIEL EYSTER,

    Plaintiff,

v. : Civ. No. 17-670-RGA

JAMES T. VAUGHN CORRECTIONAL
CENTER, et al.,

    Defendants.

---

Daniel Eyster, James T. Vaughn Correctional Center, Smyrna, Delaware,
Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 7, 2017
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Daniel Eyster, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the Complaint (D.I. 4) pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## BACKGROUND

Plaintiff, a sex offender, is serving a life sentence. He complains that inmates at VCC have been told he is a sex offender. As a result, they talk trash, call him names, and have stolen personal property from his cell. Plaintiff alleges that the VCC warden and administration refuse to house him in the sex offender unit. He alleges that his life and the life of other inmates is in danger.

Plaintiff states that prior to his incarceration he lived with a correctional officer who had worked at the VCC for 20 years. Plaintiff does not feel safe because he thinks the former correctional officer has paid one of the current correctional officers or an inmate to do something to him. Plaintiff fears his paranoia will make him kill an inmate or an officer thinking that they are going to do something to him.

For relief, Plaintiff asks to be sent to a prison in another state.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim

upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. See Johnson v. City of Shelby, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. See id. at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## DISCUSSION

The Court will dismiss Defendants VCC and its Administration based upon their immunity from suit. The VCC falls under the umbrella of the Delaware Department of

Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh,* 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware,* 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper as to the VCC and its Administration because neither are persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989); *Calhoun v. Young,* 288 F. App'x 47 (3d Cir. 2008). Accordingly, the court will dismiss the claims against the VCC and its Administration pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) based upon immunity from suit.

Although the Complaint does not specifically allege that Plaintiff was physically attacked by other inmates because of his sex offender status, such labels can lead to a substantial risk of serious harm to the prisoner. *Renchenski v. Williams,* 622 F.3d 315, 326 (3d Cir. 2010) (stating that "[i]t is largely without question . . . that the sex offender label severely stigmatizes an individual, and that a prisoner labeled as a sex offender faces unique challenges in the prison environment" and citing studies which support the proposition that inmate norms call for the savage beating of sex offenders). The Complaint, however, does not identify the individuals who made Plaintiff's status known to the prison population at large.

4

It is well-established that "a[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Although Plaintiff complains that the Warden and prison administration will not transfer him, there are no allegations that the Warden is the individual who disseminated any information regarding Plaintiff's sex offender status.

As such, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted and will dismiss the claims against the Warden pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Since it appears plausible that Plaintiff may be able to articulate a claim against the Warden or alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

Finally, the Court cannot provide Plaintiff the relief he seeks. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona*, 461 U.S. 238, 251 (1983).

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted and based upon immunity from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1) and (2). Plaintiff will be given leave to amend to cure his pleading defects.

An appropriate order will be entered.